Davis, P. J.
This action was brought by the plaintiff as the owner of certain lots of land bounding on Franklin street in this city, to establish his right to the use of the alley between his lots and certain lots owned by the defendant, and to compel the removal of all obstructions to such use, and especially the removal of a four-story brick building erected by the defendant in the year 1878, on the southerly portion of the alley extending across its full width and entirely covering the southerly twenty feet thereof. At the time of the erection of the building, the premises now owned by the plaintiff were owned by Smith Harriott, Frederick B. Harriott and Estelle Harriott, and by Mary N. Campbell, their mother, through or from whom the plaintiff subsequently acquired his title to such lots. The court below found that neither of the owners of these lots had any knowledge as to the defendant’s building upon the alley until after said building was completed. That finding seems to have been against the evidence in the case.
*883 Smith Harriott, one of the owners of the lots now owned by the plaintiff, testified that he was informed by his mother at the time Taylor and Wilson were putting up the building in the rear of the lot that such building was being erected, and that he made no objection to the erection of the building, and that none of the owners or occupants of the premises objected to the erection of such building to his knowledge. Mrs. Campbell, the mother of Smith Harriott, was the owner of No. 145 Franklin street, and the life tenant of 143 Franklin street; and this testimony shows that she knew of the fact, and so informed her son Smith Harriott, and the finding in this regard should have been in accordance with this evidence, instead of the finding that neither of the owners of 143 or 145 Franklin street had any knowledge of said defendant’s building upon said alley until after said building was completed. The suit being an equitable one, a finding in accordance with the evidence in this respect would certainly have been of importance at least in determining the question of costs in the action, for it would have shown some degree of bad faith in permitting the defendants to proceed with the erection of the building without any objection or assertion of their rights on the part of the then owners. The court found at the request of the defendants that “ during the last forty years at least, the owners of 139 and 141 Franklin street have paid all the taxes and assessments which have been laid on the said alley, and have paved and kept the same in order at their expense. During such period neither the owners nor occupants of 143 and 145 Franklin street have paid any part of such taxes, assessments or expenses for paving and repairs.”
The right to use the alley granted to the owners of lots No. 143 and 145 Franklin street was expressly subjected to the bearing and paying of a just proportion of the expenses of regulating and repairing the said alley, and of such taxes and assessments as might be imposed upon the same. The evidence strongly tended to show that for the purpose of avoiding the performance of that obligation, the owners of 143 and 145 Franklin street had purposely refrained from making any use of the alley under the granting of the right to use the same contained in their deed, and have left the owners of the lots on the other side of the alley to bear the entire burden of the expenses of regulating and repairing the alley and of paying all taxes and assessments imposed upon the same. This fact found by the court was a very important one when taken into connection with certain other facts, the finding of which was requested but refused, one of which was “ that the alley had not been used by theowners or occupants of 143 or 145 Franklin street, the property of the plaintiff, since 1842. In 1846 there was a gate across the alley at Franklin street, and such gate was continuously maintained until 1879, when it was torn down by the plaintiff without the defendant’s consent;” and “ that since 1842 the premises, 143 and 145 Franklin street, have been separated from the said alley by a high, close-board fence, through which there was no gateway or passage to the alley.”
The fact that such close-board fence was erected upon the line of these lots, and between them and the alley for a very considerable portion of the distance, was clearly established, and that there was no gate or regulary constructed passageway through the fence to the alley; but at some time late in that period a hole was broken through by some tenant of the property to go thence into the alley to get water at a hydrant therein. That was certainly not such a use of the alley as was contemplated by the grants. By whom the hydrant was constructed does not appear. It was placed there doubtless to accommodate the tenants of property facing on the alley and constructed on the rear portions of property now owned by the defendant. No proof is given that the tenants of 143 and 145 Franklin street had the right to use the hydrant, and their entrance upon the alley by breaking a hole through the fence for the purpose of getting that water was not the kind of user contemplated by the original grants.
We think upon the evidence the court ought to have found substantially as requested by the defendant in respect to the non-user by the owners or occupants of 143 and 145 Franklin street, and this fact, taken in connection with the fact found that neither the owners nor occupants of those lots had paid any part of the taxes, assessments or expenses for paving and repairs, would go very far to establish the defendant’s claim that the right to use the alley had been abandoned for the long period of about forty years for the purpose of escaping the burden of maintaining and paying taxes upon the alley. If these facts had been in accordance with what seems to be the weight *884 of the evidence, then the questions raised by the defendant would have been "presented in a shape very different from that which they now assume. It is hot necessary for us at this time to decide that they would have been abso- ' lutely controlling of the right to recover, as asserted by the plaintiff, or would have constituted a complete defense to his demand. If the evidence called . for the findings asked for by the defendant, such findings should have been , made in order that the case might be presented under its real aspects to the ' appellate tribunal. The learned court seems also to have erred in finding that the alley on Franklin street was eight feet four inches in width. The deeds described it as an alley of about seven feet, and the map or plan accompany- . ing the deeds seem to indicate it at seven feet nine inches, and the evidence does not seem to have justified the finding that it was eight feet four inches at . that point although wider in other parts. This, however, was an error which could have been corrected by modifying the judgment, and allusion is made to it for the reason that on another trial all doubt on that subject can be removed. The defendant, at the time the plaintiff took his deed under which he claims the right to the use of the alley and to compel the plaintiff to remove ¡ the brick structure which he had erected upon twenty feet of the rear of the same, was in possession of that portion of the alley covered by his four-story ; building, claiming the right to hold it in hostility to the alleged right thus granted to the plaintiff. The right to use the alley depended altogether upon grant, and was not an appurtenant in the nature of a running stream crossing the premises, nor in the nature of a right in a public highway belonging to the adjacent owner. In other words, it was something dependent entirely upon the grant executed by a prior owner, and therefore we think that it is very questionable whether the defendant, under the statute, could not assert his adverse title against the validity of the deed to the plaintiff made while he was in possession of that portion of the alley, claiming it adversely to any such right. That, however, is a question which need not now be definitely decided, because it will necessarily arise at some future stage of the case and it only affects such portion of the claim to the use of the alley as is actually covered "by the brick building. The natural equities of this case are by no means, as we think, with the plaintiff, who is seeking to assert rights granted in an alley by the owner of the property more than forty years ago, without any offer to do equity by paying any portion of the taxes or assessments or expenses in maintaining the alley during that long interval; and we think the case ought to go back for a new trial for the purpose of having the facts more definitely determined on the questions above referred to, in which the court refused to find in accordance with what seems to us to have been the substantial weight of the testimony.
" The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.
Daniels and Brady, JJ., concur.